IN THE MATTER OF THE ESTATE OF SANDRA BOVENDER COX, DECEASED

No. 8918SC143

(Filed 6 February 1990)

**Death § 11 (NCI3d) — common law doctrine that one may not profit from his own wrong — action under slayer statute — not res judicata**

A declaratory judgment action which determined that the husband of deceased was not a slayer under N.C.G.S. Chapter 31A was not res judicata and did not prevent the adminis-

IN RE COX

[97 N.C. App. 312 (1990)]

tratrix from attempting to prevent him from sharing in the proceeds of a wrongful death action under the common law doctrine that one may not profit from his own wrong. The declaratory judgment action under the slayer statute neither raised nor adjudicated the issue of the husband's simple negligence, nor did it attempt to bar his right to benefit from her estate for any reason other than that he was a slayer under N.C.G.S. § 31A-1, *et seq.* A declaratory judgment is not res judicata as to matters not at issue and not passed upon.

**Am Jur 2d, Declaratory Judgments §§ 238-240; Descent and Distribution §§ 101, 105.**

APPEAL by respondent caveator from order entered 23 August 1988 by *Freeman, Judge,* in GUILFORD County Superior Court. Heard in the Court of Appeals 14 September 1989.

*Jeffrey L. Mabe for petitioner appellee.*

*C. Richard Tate, Jr. and Cahoon & Swisher, by Robert S. Cahoon, for respondent caveator appellant.*

PHILLIPS, Judge.

This appeal by William Frank Cox, III is from an order holding that he may not share in the proceeds recovered in an action against him for his wife's wrongful death because our law does not permit one to profit from his own wrong. The events leading to that adjudication follow:

On 1 September 1985 Sandra Bovender Cox was shot and killed by a rifle her husband, William Frank Cox, III, was handling in their living room in Colfax, North Carolina. She died intestate and her husband and parents are her only heirs. The administratrix's action against him for her wrongful death was settled by his liability insurance company paying her estate $50,000 and agreeing to pay $40,800 more in installments over a ten-year period. In the settlement agreement the administratrix reserved the right to pursue a suit she had filed under our "slayer statute," Chapter 31A of the North Carolina General Statutes, to bar him from sharing in his wife's estate, and Cox reserved his right to claim an interest in the estate and to defend any attempt to bar him from sharing therein. When the declaratory judgment action against him was tried the jury found that, contrary to the administratrix's allega-

tions, he "did not willfully and unlawfully, or by his culpable negligence, proximately cause" her death, and the judgment that he was "not a slayer of his deceased wife" and was entitled to "receive proceeds and benefits otherwise payable to him which are payable by reason of the death of Sandra Bovender Cox" was affirmed by this Court in an unpublished opinion. The administratrix then petitioned the Clerk of Guilford County Superior Court for Advice and Instruction as to the disposition of the wrongful death proceeds; in doing so she alleged that Cox was not entitled to share in the proceeds because they were received in settlement of his alleged negligence in causing her death. In responding to the petition Cox asserted that all questions concerning his right to inherit from his wife's estate had already been resolved by the prior action. Following a hearing on the petition the Clerk ordered that Cox not receive any of the wrongful death proceeds because our law does not allow one to profit from his own wrong and in making that adjudication he found and concluded *inter alia* that: The declaratory judgment "makes no reference to the disposition of the proceeds received from the wrongful death action and does not state that William Frank Cox, III, is entitled to" share in those proceeds; that in the wrongful death action it was alleged that the decedent's death resulted from his negligent acts and omissions in handling the gun and that the proceeds involved were paid to the estate in settlement of that claim; that "[t]he proceeds received from the wrongful death action are not proceeds or benefits otherwise payable to William Frank Cox, III, by reason of the death of Sandra Bovender Cox." The Clerk's order was affirmed by the Superior Court.

The appellant does not question the continued viability in this state of the ancient common law doctrine that one may not profit from his own wrong. The only question he presents for determination is whether the prior judgment in the action to declare him a slayer of his wife, under the principles of *res judicata*, bars the administratrix from attempting to prevent him from sharing in the proceeds of the wrongful death action. Our answer is that the doctrine of *res judicata* has no application and the prior judgment is no bar to the order entered pursuant to the administratrix's petition.

The declaratory judgment action that the administratrix brought against the appellant under the "slayer statute" neither raised nor adjudicated the issue of his simple negligence; nor did it at-

tempt to bar his right to benefit from her estate for any reason other than that he was a slayer under G.S. 31A-1, *et seq*. His argument that *res judicata* applies to "all matters properly within the scope of the pleadings which could have and should have been brought forward," though generally correct, is unavailing here because the law treats declaratory judgment actions differently:

> Suits for declaratory judgments have been held not to fall within the rule that a former judgment is conclusive not only of all matters actually adjudicated thereby, but, in addition, of all matters which could have been presented for adjudication. A declaratory judgment is not res judicata as to matters not at issue and not passed upon. It is only a bar to matters which were actually litigated, not to those that might have been litigated.

22A Am. Jur. 2d *Declaratory Judgments* Sec. 240 (1988). Thus, the adjudication in the prior action that he did not "willfully and unlawfully, or by his culpable negligence" cause his wife's death established only that fact; it did not also establish that he is entitled to share in the proceeds of the wrongful death action. For the "slayer statute," G.S. 31A-3, *et seq*., applies only to felonious killings; it does not prevent the common law doctrine that no person will be allowed to profit from his own wrong from being applied in actions not under its provisions. *Quick v. United Benefit Life Insurance Co.*, 287 N.C. 47, 54, 213 S.E.2d 563, 569 (1975); *In re Estate of Ives*, 248 N.C. 176, 102 S.E.2d 807 (1958). And this case is an appropriate one in which to apply the doctrine, since the wrongful death proceeds that the appellant seeks to obtain were paid into the estate upon his behalf and because of his own alleged negligence.

Affirmed.

Judges WELLS and PARKER concur.